REID, ET AL. v. BIBB, USE, &c.

1. Where a sheriff collects money by the sale of perishable property levied on by an attachment, under an order made pending the cause; if the attachment is returnable to the circuit or coun'y court, the clerk of the one court or the other, according as the fact may be (and not the officer making the order,) is authorised to institute a proceeding by notice, under the attachment law of 1833, against the sheriff and his sureties.

Writ of Error to the Circuit Court of Montgomery.

This was a proceeding by notice and motion, at the suit of the defendant in error, against Reid and his sureties, for the failure of the former to pay over a certain sum of money collected upon a sale of perishable property, levied on by an attachment at the instance of the real defendant in error, against I. R. Thacker. The sale appears to have been made pending the attachment, under an order, or as it is designated in the notice and judgment, a *venditioni exponas*. In the recital of the notice in the judgment, the order is alleged to have been placed in the sheriff's hands on the 14th of May, 1840, while in the special verdict he is found to have received the money on the 17th April, 1840.

The jury found all the facts stated in the notice to be true, with the exception of the variance stated, and a judgment was rendered against the sheriff and his sureties in pursuance of the verdict.

CAMPBELL, for the plaintiff in error.
MAYS, for the defendant.

COLLIER, C. J.—By the eighth section of the attachment law of 1833, it is enacted that when any estate shall, on the oath of the plaintiff, his attorney, or other credible person, be certified to any judge, or justice of the peace, to be likely to waste or be destroyed by keeping, and if the person to whom it belongs, his attorney, &c., shall not within twenty days after the levy, replevy the same, then such estate shall, by the order of the judge or justice, be sold at public sale by such officer, &c. "And the officer shall, within five days after such sale, return the order of sale to

36

the court or justice to which the attachment is returnable, with his proceedings thereon, and also at the time of making such return, shall pay over into the hands of the clerk or justice, all money arising from such sale, which money shall be subject to the judgment on the attachment. Any officer failing to return such order of sale as above directed, shall be liable to like process of either the plaintiff or defendant, as officers are for failing to return writs of *venditioni exponas;* and any officer, who after the expiration of the time allowed for paying the proceeds of the sale, shall neglect or refuse to pay the same, on the demand of the clerk or justice, shall be subject to the like proceedings, at the instance of the clerk or justice, as officers are for failing to pay over money levied on a *fieri facias.*" [Aik. Dig. 39, 40.]

We learn from the record, that the attachment which was levied on the property sold, was returnable to the circuit court of Montgomery, and that the beneficial plaintiff in the present proceeding was the plaintiff therein; that the nominal plaintiff in the motion, is the judge of the county court, and the magistrate who made the order of sale. The first question brought to our view by the assignment of errors, is, who is the proper party to have moved against the sheriff, for the neglect or refusal to pay over the money arising from the sale. The act cited is exceedingly explicit in its terms. For a failure to return the order of sale at the time designated by law, the officer executing it is liable to be proceeded against, by notice and motion, at the suit of either the plaintiff or defendant, in the same manner, as if default had been made in returning a writ of *venditioni exponas.* If the attachment is returnable to a court having a clerk, and if the officer executing the order of sale, shall neglect or refuse to pay the proceeds on demand of the clerk, he shall be subject to a motion, at the instance of the clerk, to be governed by the same rules as are motions for failing to pay over money collected on *fieri facias.* And if the attachment be returnable before a justice of the peace, he is in such case invested with the authority conferred upon the clerk, where the suit is brought in a higher jurisdiction.

The summary proceedings against officers of court, are *quasi* penal, and the statutes which authorise them, cannot be extended by construction, so as to embrace parties and cases not provided for by them. There is no authority in the statute for the judge of the county court to have moved against the sheriff in

the case at bar, but that duty is enjoined upon another officer. Without considering the other objections made to the motion and special verdict, we are satisfied that the judgment is erroneous, for the defect noticed. The consequence is, that it must be reversed, and the cause remanded.